UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EARL DARRELL LINDER,<br><br>Plaintiff,<br><br>-vs-<br><br>SOUTH CAROLINA DEPARTMENT OF PROBATION, PARDON, AND PAROLE; JAKE GADSDEN, JR., both individually and in his official capacity as Director of the South Carolina Department of Probation, Pardon, and Parole; CATHERINE L. GUEDALIA, both individually and in her official capacity as Administrative Hearings Officer of the South Carolina Department of South Carolina Department of Probation, Pardon, and Parole; JOHN/JANE DOES, whose real names and positions are unknown, individually and as employees of the South Carolina Department of Probation, Pardon, and Parole,<br><br>Defendants. | Civil Action No. 2:26-cv-1833-SAC-TER<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his First, Fourth, and Fourteenth Amendment rights when they placed him on satellite monitoring. He also asserts state law claims for gross negligence and intentional infliction of emotional distress. Plaintiff originally filed this action in the Court of Common Pleas, Charleston County. Defendants removed it to this court pursuant to 28 U.S.C. § 1441, asserting jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Presently before the Court is Defendants' Motion to Dismiss (ECF No. 4). Plaintiff filed a Response (ECF No. 6), and Defendants filed a Reply (ECF No. 7). All pretrial proceedings in this case were referred to the

undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. This Report and Recommendation is entered for review by the District Judge.

## II. FACTUAL ALLEGATIONS

On December 8, 2016, Plaintiff pleaded guilty to offenses that "ordinarily would trigger satellite monitoring under S.C. Code Ann. § 23-3-540(C)[1], however, because the offenses to which Plaintiff pleaded guilty occurred between October of 1982 and October of 1988, satellite monitoring was not ordered by the sentencing judge." Am. Compl. ¶ 14 (ECF No. 1-1). He was sentenced to 10 years suspended on the service of five years with five years of probation. Am. Compl. ¶ 14. On November 1, 2018, Plaintiff was conditionally released from the South Carolina Department of Corrections pursuant to S.C. Code Ann. § 24-13-720. Am. Compl. ¶ 15. On December 27, 2018, Plaintiff was arrested "on an allegation that he violated the terms and conditions of his Supervised Furlough, I1A program on a single allegation he visited a local beach on December 16, 2018, from 1:43 pm until 3:31 pm after being told he was not permitted to visit a beach while under the Supervised Furlough, I1A program." Am. Compl. ¶ 16.

---

[1] Subsection (C) of S.C. Code Ann. § 23-3-540 provides that

> A person who is required to register pursuant to this article for committing criminal sexual conduct with a minor in the first degree, pursuant to Section 16-3-655(A)(1), or criminal sexual conduct with a minor in the third degree, pursuant to Section 16-3-655(C), and who violates a term of probation, parole, community supervision, or a community supervision program must be ordered by the court or agency with jurisdiction to be monitored by the Department of Probation, Parole and Pardon Services with an active electronic monitoring device.

S.C. Code Ann. § 23-3-540(C). Plaintiff alleges that "he pled guilty to one count of Lewd Act in violation of S.C. Code of Laws § 16-15-140 and one count of Miscellaneous/General Sessions Offense Repealed and Not Replaced by a New Statute in violation of S.C. Code of Laws § 16-15-655." Am. Compl. ¶ 14.

On January 25, 2019, an administrative hearing was held before Hearing Officer Guedalia at the Al Cannon Detention Center regarding the alleged violation, and later that day, Plaintiff's supervised furlough was revoked and he was sent back to prison to serve the remainder of his sentence that was imposed on December 8, 2016. Am. Compl. ¶ 17.

On May 31, 2019, Plaintiff was released from prison and began his probationary sentence, and the South Carolina Department of Probation, Pardon, and Parole Services (SCDPPPS) imposed a condition requiring satellite monitoring. Am. Compl. ¶ 18. Although satellite monitoring was not ordered by the sentencing judge on December 8, 2016, Hearing Officer Guedalia wrote "(GPS for Life Case)" on Plaintiff's Order of Supervised Furlough Revocation dated January 25, 2019. Am. Compl. ¶ 19. As of the date Plaintiff filed his complaint, he was still required to wear and pay for electronic/satellite monitoring despite completion of probation. Am. Compl. ¶ 20.

Plaintiff alleges that Defendant Guedalia made a misrepresentation on the Order based on inaccurate and false reporting of information by unidentified SCDPPPS employees, and the remaining Defendants subjected him to satellite monitoring without an individualized determination or any legal basis. Am. Compl. ¶¶ 21-22.

Plaintiff asserts causes of action for (1) First Amendment violation under § 1983, (2) Fourth Amendment violation under § 1983, (3) Fourteenth Amendment violation under § 1983, (4) gross negligence, and (5) intentional infliction of emotional distress.

## III. STANDARD OF REVIEW

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state

a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 677-78 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.2003).

## IV. DISCUSSION

Defendants argue that dismissal of Plaintiff's claims is appropriate for several reasons: (1) they are barred by the statute of limitations, (3) Defendants are entitled to Eleventh Amendment immunity, (3) Plaintiff fails to allege personal involvement by Defendants, (4) Plaintiff's claims fail as a matter of law, and (5) Plaintiff's state tort claims are barred by the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. §§ 15–78–10 *et seq.*

The court first considers Defendant's argument that Plaintiff's federal and state claims are barred by the applicable statutes of limitation. "[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit." *Owens v. Baltimore City State's Attorney*

*Office*, 767 F.3d 379, 388 (4th Cir. 2014); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016). In South Carolina, the general or residual statute of limitations for personal injury claims is three years, S.C. Code Ann. § 15-3-530, thus, the statute of limitations for § 1983 cases is three years.

A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law). Defendants argue that Plaintiff's claims accrued at the earliest on January 25, 2019, when Guedalia entered the Order of Supervised Furlough Revocation, which included the notation "(GPS for life case)," and at the latest on May 19, 2019, when Plaintiff was released from prison and began his probationary sentence, which included the satellite monitoring condition.

Plaintiff argues that his claims are not barred by the statute of limitations because he is still subject to satellite monitoring, and, thus, the violation is continuing. "'In general, to establish a continuing violation[,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice.'" *A Society Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (quoting *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir.1991)). It "applies not to discrete unlawful acts, even where those discrete acts are part of a serial violation[ ], but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Wood v. Herrick*, No. 1:24-CV-673 (RDA/WEF), 2026 WL 2594774, at *6 (E.D. Va. Sept. 2, 2026) (quoting *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015)) (internal citations omitted); *see also Wright v. Moniz*, 737 F. Supp. 3d 48, 58-59 (D. Mass. 2024) (The "continuing violation doctrine," "covers only causes of action that 'by their very nature

require repeated conduct to establish an actionable claim, such as hostile work environment claims' [and] ... [i]t does not apply to 'discrete acts'—even repeated ones—that occurred on specific dates.") (citing *Thornton v. United Parcel Serv.*, Inc., 587 F.3d 27, 33-34 (1st Cir. 2009)). "Continual unlawful acts are distinguishable from the continuing ill effects of an original violation because the latter do not constitute a continuing violation." *A Society Without a Name*, 655 F.3d at 348.

The United States District Court for the Northern District of Georgia has addressed a similar issue, where the plaintiff raised, among other claims, a due process violation, alleging that "he was subjected to the punishment of having a non-removable, electronic monitoring system placed on his person before judicial review had concluded." *Moore v. Olens*, No. 1:13-CV-0374-AT, 2013 WL 12097640, at *4 n.4 (N.D. Ga. Nov. 18, 2013), aff'd sub nom. *Moore v. Att'y Gen., Georgia*, 566 F. App'x 791 (11th Cir. 2014). The court noted that "[t]he constitutional violation Plaintiff alleges is the denial of adequate process prior to mandating his lifetime monitoring," and that "[a]lthough the effects of the alleged denial of due process may persist, the alleged constitutional violation itself was a 'one time violation, which does not extend the limitations period.'" *Id.* at *6 (citing *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). The court further noted that the claim was premised on the decision to impose the punishment, which is a "one time act with continued consequences," rather than the punishment itself. *Id.* (citing *Lovett*, 327 F.3d at 1182). As such, the court held that the continuing violation doctrine did not apply to the plaintiff's due process claim and it was barred by the statute of limitations. *Id.*

In *Williams v. McLane*, No. 5:24-cv-248-H, 2025 WL 2773806, at *7 (N.D. Tex. Sept. 26, 2025), the Northern District of Texas similarly held that the continuing violations doctrine did not save the plaintiff's due process challenge to the imposition of Global Positioning Systems ("GPS")

monitoring, where he had "to continue wearing a GPS ankle monitor" prior to July 2022, and only claims that accrued after November 7, 2022, were not barred by the statute of limitations. The District of Nevada also concluded that placement of high-level GPS monitoring, among other acts, were discrete acts such that the continuing violation doctrine did not apply and the plaintiff's claims were barred by the statute of limitations. *See Blandino v. Las Vegas Metropolitan Police Department*, No. 2:22-cv-562-GMN, 2023 WL 5221543, at *6 (D. Nev. Aug. 15, 2023).

Likewise, here, Plaintiff asserts a due process cause of action, alleging that "[t]he Defendants' conduct in placing the Plaintiff on electronic monitoring without a court order and without an individualized judicial determination constitutes a deprivation of Plaintiff's liberty without due process." Am. Compl. ¶ 28. Therefore, his due process cause of action accrued at the time he alleges adequate process was denied, which would be either at the time it was determined that he was subject to lifetime electronic monitoring, or when the electronic monitor was actually placed on his ankle. Even applying the later of those dates—May 19, 2019, when the electronic monitor was placed on his ankle—the present action, filed originally in the state court on May 1, 2025, falls outside the three-year statute of limitations.[2]

---

[2] The undersigned takes judicial notice of Plaintiff's prior state court filings, which show that he was aware of and attempted to address alleged violations of his constitutional rights related to the lifetime monitoring requirement as early as July 2022. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the contents of court records."). On July 29, 2022, Plaintiff, with the assistance of counsel, filed a petition for a permanent injunction against South Carolina Department of Probation, Pardon, and Parole, seeking a writ of mandamus directing it to remove the satellite monitoring condition of his probation and arguing that the imposition of lifetime satellite monitoring violated his rights to be free from unreasonable search under the Fourth Amendment and to due process under the Fourteenth Amendment of the United States Constitution, as well as his rights under Article I, § 3 and § 10 of the South Carolina Constitution. *See* Charleston County Public Index, https://publicindex.sccourts.org/Charleston/PublicIndex/PISearch.aspx (search by Last Name: Linder, First: Earl; select Case No.: 2022CP1003414; select "Actions" and click on "Document" beside "Summons & Petition for Permanent Injunction"). This petition was ultimately dismissed because Plaintiff failed to serve defendants. *Id.* (under "Actions," click on document beside

Similarly, Plaintiff alleges under his First Amendment cause of action that "Defendants' imposition of electronic monitoring without a proper judicial determination constitutes a restraint on the Plaintiff's liberty and a chilling of his constitutional rights, including his freedom of association and assembly." Am. Compl. ¶ 29. Plaintiff knew or should have known at the time he was placed on electronic monitoring of the injury that he alleges gives rise to a cause of action under the First Amendment for a restraint on his freedom of association and assembly. *See, e.g., Ford v. Georgetown Cnty. Sch. Dist.,* No. 2:17-CV-01884-DCN, 2018 WL 4680134, at *3 (D.S.C. Sept. 28, 2018), aff'd, 769 F. App'x 94 (4th Cir. 2019) (holding that the plaintiff's cause of action under the First Amendment accrued when they first received a letter threatening them with legal action if they continued to post comments about school officials on the internet, even though the plaintiffs "exercised restraint in their First Amendment rights" for more than a year following receipt of the letter). Any chilling effect that the electronic monitor created on Plaintiff's exercise of his First Amendment rights to freedom of assembly or association was a consequence of the one-time act of imposing the electronic monitor on Plaintiff rather than a continuing violation. Likewise, Plaintiff's Fourth Amendment cause of action is also based on "the Defendants' act of placing Plaintiff on electronic monitoring without a legitimate, individualized basis or a valid court order." Am. Compl. ¶ 35. Thus, Plaintiff knew or should have known at the time he was placed on electronic monitoring of the injury that he alleges gives rise to a cause of action under the Fourth Amendment. Thus, Plaintiff's First and Fourth Amendment causes of action are also barred by the statute of limitations.[3]

---

"Order/Case Dismissed Pursuant to Rule 5d").

[3] South Carolina law provides that ten years from the date that Plaintiff began to be electronically monitored, he may petition the chief administrative judge of the general sessions court for Charleston County for an order to be released from the electronic monitoring requirements. *See* S.C. Code Ann. § 23-3-540(h). The undersigned makes no recommendation as to whether this is

For the reasons discussed above, all of Plaintiff's federal causes of action are barred by the statute of limitations. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...." In determining whether to retain jurisdiction, courts consider "the convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Here, there are no issues of federal policy underlying the remaining state law claims. In addition, comity favors remand since the remaining claims are quintessential state law questions. In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law .... if the federal law claims are dismissed before trial ... the state claims should be dismissed as well." If the district judge

---

Plaintiff's only avenue of relief, but notes that South Carolina's appellate courts have generally enforced lifetime monitoring requirements under circumstances similar to those Plaintiff alleges in the complaint. *See State v. Smith*, No. 2009-UP-369, 2009 WL 92529147 (S.C. App. Jun. 25, 2009) (per curiam) (finding circuit court abused its discretion by refusing to order GPS monitoring where this decision was clearly not within its discretion, noting "GPS monitoring following a probation violation is mandatory in the case of a person classified as a sex offender for committing a lewd act on a child under sixteen," and recognizing that the monitoring is required "for the duration of the time the person is required to remain on the sex offender registry" pursuant to S.C. Code Ann. § 23-3-540(H); *Duncan v. State*, 705 S.E.2d 489, 490–91 (S.C. App. 2011) ("We find the trial court erred in terminating Duncan's electronic monitoring. Although section 23-3-540 was enacted after Duncan's conviction, Duncan was subject to electronic monitoring because he violated the terms of his [community supervision program] for his first-degree [criminal sexual conduct] with a minor conviction after the enactment of the statute. *See* § 23-3-540(C) . . . . Furthermore, the trial court did not have the discretion to terminate Duncan's electronic monitoring because electronic monitoring is required 'for the duration of the time the person . . . remain[s] on the [Registry].' *See* § 23-3-540(H)."); *State v. Davis*, No. 2008-UP-604, 2008 WL 9846830 (S.C. App. Nov. 6, 2008) (finding the probation judge erred in imposing GPS monitoring on Davis for only the term of probation, as S.C. Code Ann. § 23-3-540(H) requires monitoring for the duration of the time the person is required to remain on the sex offender registry.").

adopts the recommendation to dismiss Plaintiff's federal causes of action, only state law claims will remain. As recognized by the Fourth Circuit, when all federal claims are dismissed in the early stages of litigation, courts typically decline supplemental jurisdiction. *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024). This case does not present exceptional circumstances that would warrant deviation from the general rule. Thus, it is recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (ECF No. 4) be granted as to Plaintiff's federal causes of action and that his state law causes of action be remanded to the Court of Common Pleas, Charleston County.

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 22, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).