IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Earl Darrell Linder,

Plaintiff,

v.

South Carolina Department of Probation, Pardon, and Parole; Jake Gadsden, Jr., *both individually and in his official capacity as Director of the South Carolina Department of Probation, Pardon, and Parole*; Catherine L. Guedalia, *both individually and in her official capacity as Administrative Hearings Officer of the South Carolina Department of Probation, Pardon, and Parole*; John/Jane Does, *whose real names and positions are unknown, individually and as employees of the South Carolina Department of Probation, Pardon, and Parole*,

Defendants.

Case No. 2:26-cv-01833-SAC

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss in Lieu of Answer filed by Defendants,[1] ECF No. 4, and a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings. For the reasons discussed below, the Court ACCEPTS the Report of the Magistrate Judge, DISMISSES Plaintiff's federal causes of action, and REMANDS his state law causes of action to the Charleston County Court of Common Pleas.

[1] Plaintiff incorrectly identifies the South Carolina Department of Probation, Parole, and Pardon as the South Carolina Department of Probation, Pardon, and Parole in the Amended Complaint. *See* ECF Nos. 1-1; 4 at 1.

**BACKGROUND**

Plaintiff filed this action in the Charleston County Court of Common Pleas, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights under the First, Fourth, and Fourteenth Amendments. ECF No. 1-1. Plaintiff also asserts state law claims for gross negligence and intentional infliction of emotional distress against Defendants. *Id.* Defendants Jake Gadsden, Jr. and Catherine Guedalia subsequently removed the action to this Court based on federal question jurisdiction. ECF No. 1.

Plaintiff's claims arise out his placement on satellite monitoring. ECF No. 1-1. On December 8, 2016, Plaintiff pled guilty to state criminal offenses that would ordinarily trigger satellite monitoring pursuant to S.C. Code § 23-3-540(C). *Id.* ¶ 14. However, because Plaintiff's offenses occurred between a certain time period (October of 1982 and October of 1988), the sentencing judge did not order satellite monitoring. *Id.* On November 1, 2018, Plaintiff was conditionally released from the South Carolina Department of Corrections. *Id.* ¶ 15. Plaintiff was arrested on December 27, 2018, for allegedly violating the terms of his "Supervised Furlough, 11A program on a single allegation he visited a local beach on December 16, 2018." *Id.* ¶ 16. After an administrative hearing before Hearing Officer Catherine Guedalia, Plaintiff was revoked and returned to prison to serve the remainder of his sentence. *Id.* ¶ 17. Although satellite monitoring was not ordered by the sentencing judge on December 8, 2016, Hearing Officer Catherine Guedalia wrote "(GPS for Life Case)" on Plaintiff's Order of Supervised Furlough Revocation dated January 25, 2019. *Id.* ¶ 19. On May 31, 2019, Plaintiff was released from prison and began his probationary sentence with the condition of satellite monitoring imposed by the South Carolina Department of Probation, Parole, and Pardon Services. *Id.* ¶ 18.

On October 22, 2026, the Magistrate Judge issued a Report recommending that Plaintiff's federal causes of action be dismissed based on the statute of limitations and Plaintiff's state law causes of action be remanded to the Charleston County Court of Common Pleas. ECF No. 9. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 11. Neither party filed objections to the Report and the time to do so has lapsed.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)). Failure to timely file specific written objections to the Report will result in a waiver of the right to appeal from an Order from the Court based upon the Report. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

**ANALYSIS**

As discussed in detail in the Report, Plaintiff's federal § 1983 causes of action are barred by the statute of limitations. The applicable statute of limitations for Plaintiff's § 1983 claims is three years. *See* S.C. Code Ann. § 15-3-530; *see also Owens v. Balt. City State's Att'ys Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("Section 1983 does not contain a statute of limitations. Thus, to determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action."). Plaintiff's federal § 1983 claims accrued at the earliest on January 25, 2019, when Hearing Officer Catherine Guedalia entered the Order of Supervised Furlough Revocation noting "(GPS for life)," and accrued at the latest on May 31, 2019,[2] when Plaintiff was released from prison and began his probationary sentence, including the imposed condition of satellite monitoring. Even applying the later date, when the monitor was placed on Plaintiff's ankle, Plaintiff's claims are untimely because he filed the present case on May 1, 2025, outside the three-year statute of limitations.

Plaintiff's Complaint also alleges various state law claims. *See* ECF No. 1-1 ¶¶ 31-45. The Court declines to exercise supplemental jurisdiction over the state law claims, as it dismissed Plaintiff's federal law claims with prejudice. *See Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024). The Court adopts the Report's analysis of Plaintiff's state law claims and recommended remand of the state law claims to the Court of Common Pleas, Charleston County. *See* ECF No. 9 at 9-10.

---

[2] The Report states in some instances that Plaintiff was released from prison and began his probationary sentence, including the satellite monitoring, on May 19, 2019. *See* ECF No. 9 at 5, 7. This appears to be a scrivener's error, as Plaintiff's Amended Complaint states he was released from prison and began his probationary sentence, including the imposed condition of satellite monitoring, on May 31, 2019. *See* ECF Nos. 1-1 ¶ 18; *see also* ECF No. 9 at 3 (Report stating he was released from prison on May 31, 2019).

## CONCLUSION

Considering the record in this case, the applicable law, and the Report and Recommendation, the Court finds no clear error, accepts the recommendation of the Magistrate Judge, and incorporates the Report by reference. Accordingly, Plaintiff's federal causes of action are **DISMISSED** with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims arising under South Carolina law, and those claims are **REMANDED** to the Court of Common Pleas, Charleston County.

**IT IS SO ORDERED.**

United States District Judge

November 16, 2026
Columbia, South Carolina